

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Gerald C. Mann
XXXXXXXXXXXXX

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-2455

Re: May the Board of Directors
of Texas College of Arts
and Industries lawfully
pay to the Secretary of
the Board a salary as Sec-
retary, and likewise pay
to him remuneration for
services in connection
with the amortization of
dormitorybonds account?

        This will acknowledge receipt of your letter of
date July 26, 1940, asking an opinion from this department
upon questions submitted to you by the President of Texas
College of Arts and Industries of Kingsville, which letter
is as follows:

> "The Secretary of the Board of Directors
> of the Texas College of Arts and Industries
> lives in Kingsville where this institution is
> located. He is called upon to devote a large
> number of hours each month to duties connected
> with the college. He is also the director of
> the bond fund account that is set aside to
> amortize the dormitories built under the Pub-
> lib Works Administration.
>
> "1. Can he legally draw a salary from
> the Board of Directors for his duties as Sec-
> retary to the Board, provided the Board of
> Directors so orders?
>
> "2. Can he legally draw remuneration for
> his time and efforts in connection with the
> amortization of the dormitories bond account,
> provided the Board of Directors so orders?"

The Texas College of Arts and Industries at Kingsville was created by S.B. No. 293, ch. 286 of the regular session 41st. Leg., 1929. (Vernon's Civ. Stat., Art. 2628a-1 to 7)

Section 2 of the Act declares:

"The Board of Directors shall organize by electing a President of said Board of Directors, and such other officers as they may desire."

This Section has a very important bearing on the question propounded by you, and its construction, therefore, is imperative. It means, we think that the Board of Directors as a preliminary to the transaction of their statutory duties, shall organize the Board that it may function properly, by electing from the members a President, and such other officers as may be desirable. There is a distinction between the Board as such and the institution of which the Board is given statutory control. The organization of the Board pertains to the Board's internal affairs, and has no direct connection with the functions or statutory duties of the Board in controlling the College. The President and such other officers as may be necessary are to be elected from the membership of the Board, and the duties of such President and other officers as are thus elected are those superimposed upon the particular directors accepting the offices in the Board thus designated. That is to say, the duties performed respectively by the President and by the Secretary are the duties of such persons as directors elected by the Board to those special positions.

The Director-President and the Director-Secretary are thus statutory civil officers of this State, performing an important function in the discharge of a governmental prerogative; they are not privately created positions of employment.

"In the absence of express constitutional provision, the compensation of officers (as contra-distinguished from employees) must be fixed by the Legislature, or by some governing body which has been expressly authorized to do so. The power of the courts to allow a reasonable com-

pensation for services performed by one
individual at the request of another,
where the compensation is not fixed by
contract, does not exist in regard to the
fees of public officers, in the absence
of an express grant of authority; and the
failure of the Legislature to exercise its
constitutional power to provide for the
compensation of officers cannot clothe the
courts with authority to act." -- 34 Tex.
Jur. p. 506 § 103.

It is a familiar rule of law that where the
law creating an office does not provide specifically
for fees to be charged by the officer, or other com-
pensation, he is not authorized to charge or collect
such fees. 34 Tex. Jur. pp 522-524, § § 111, 114.

There are several criteria which have been re-
sorted to in determining whether a person is a public
officer or a mere employee, chiefest of which are the
delegation to the person filling the position of some part
of the sovereign power or functions of government to be
exercised by him for the benefit of the public, and a ten-
ure or continuous service rather than an occasional exer-
cise of the duties of the position. See "Officers" 46
Cor. Jur. p. 928 § § 19, 20, 21. So, also, of course,
is the further characteristic that the position if created
by law is ordinarily an office, whereas if created merely
by contract, it is ordinarily a mere employment. See same
authority § 22. See also our Opinion No. 2226.

It is not essential to the creation of an office
that the incumbent be required to give a bond-- our Governor
and our judges are not required to give bond-- nor is it
incumbent that an oath of office be taken. These are merely
additional indicia of public office, rather than employment.

We conclude that the Secretary to the Board of
Directors of Texas College of Arts and Industries is a
civil officer under the law.

Upon these considerations, we respectfully ad-
vise that the Board of Directros of Texas College of Arts
and Industries may not lawfully pay to its Secretary any
salary or compensation whatever for the services performed

by him in such capacity, from which it follows that both of your questions should be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF T LXAS

APPROVED AUG 19, 1940

By s/s     Ocie Speer
          Ocie Speer
          Assistant

s/s Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR . xt

APPROVED
Opinion
Committee

By   BWB
    Chairman